IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BUD D. PETTIGREW, | ) | 4:08CV3084 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CHERRY COUNTY, NEBRASKA | ) | |
| SCHOOL DISTRICT NO. 6, a/k/a | ) | |
| VALENTINE COMMUNITY | ) | |
| SCHOOLS and f/k/a VALENTINE | ) | |
| RURAL HIGH SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |

This is an action brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634. The plaintiff, Bud D. Pettigrew ("Pettigrew"), claims that the defendant school district did not hire him as a football coach and social studies teacher in May 2006 because of his age (then 45). The defendant, Cherry County, Nebraska School District No. 6, also known as Valentine Community Schools and formerly known as Valentine Rural High School ("Valentine"), claims that Pettigrew was less qualified than the 30-year-old individual who was hired for the coaching/teaching position.

Valentine has moved for summary judgment, contending (1) there is no direct evidence of age discrimination and (2) even assuming that a prima facie case can be established, its reasons for not hiring Pettigrew were not pretextual. Valentine also contends that liquidated damages are not recoverable on the evidence presented. After careful review of the record and consideration of the parties' briefs, I conclude that the motion for summary judgment should be denied in all respects.[1]

---

[1] The parties have since filed a joint motion to seal Valentine's supporting brief and evidence because these documents contain personal or identifying information.

First of all, there is some direct evidence to support Pettigrew's claim that he was not hired because of his age. Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. *King v. United States*, 553 F.3d 1156, 1160 (8th Cir. 2009). Direct evidence "may include 'evidence of actions or remarks of the employer that reflect a discriminatory attitude,' 'comments which demonstrate a discriminatory animus in the decisional process,' or comments 'uttered by individuals closely involved in employment decisions.'" *Id.* at 1161 (quoting *King v. Hardesty*, 517 F.3d 1049, 1058 (8th Cir. 2008) (in turn quoting *Beshears v. Asbill*, 930 F.2d 1348, 1354 (8th Cir. 1991))).

In this case, there is evidence that 2 of the 3 members of the hiring committee made age-based discriminatory comments that were directly related to the hiring decision: Pettigrew testified that during the interview he asked what Valentine's staff was like, and was informed by the principal, Dave Renning, that "they had an older staff; they needed to get some younger people in." (Filing 51-3, at 21.) [2] A teacher at the school, Boyd Powell, testified that Dave Renning informed him there was "a very young, very good candidate in regards to taking [the football team] further," and stated that "[w]e need a younger man who can appeal to the kids[.]" (Filing 51-2, at 9.) [3] Boyd Powell also testified that another member of the hiring committee, Rick

---

Alternatively, they request that Valentine be permitted to file redacted documents. I will grant the latter request pursuant to Nebraska Civil Rule 5.0.3. Pettigrew today has also filed a motion for leave to file a surrebuttal brief, which will be denied.

[2] Dave Renning admitted telling Pettigrew that "overall our staff was older in nature," but denied also telling him that they "needed to get some younger people in to balance it out." (Filing 53-4, at 19-20.) This denial merely creates a genuine issue of material fact.

[3] Dave Renning admitted telling Boyd Powell after the hire was made that the successful candidate was young, but denied ever stating that the football team needed a younger coach to appeal to the kids. (Filing 53-4, at 20.) Again, there is a genuine

Hesse, the school district's activities director, stated while introducing the successful candidate to the football team that "some new, fresh blood was needed and that [their new coach] had it[.]" (Filing 51-2, at 10, 21.) [4]

Valentine concedes for purposes of the summary judgment motion that there is indirect evidence of age discrimination,[5] but argues there were legitimate reasons for selecting the younger candidate. "Under the *McDonnell Douglas* burden-shifting framework,[6] once a plaintiff establishes a prima facie case of discrimination, the 'burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason' for its employment action. The burden then shifts back to the plaintiff to 'demonstrate by a preponderance of the evidence that the stated non-discriminatory rationale was a mere pretext for discrimination.'" *King v. United States*, 553 F.3d at 1162 (quoting *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 934-35 (8th Cir.2006)).

Valentine asserts that "Plaintiff's poor interview was the biggest factor in the hiring committee's determination that Plaintiff was not the most qualified person for the opening." (Filing 45, at 26.) The evidence shows, however, that when the

---

issue of material fact as to whether the principal made this statement.

[4] Rick Hesse testified that he did not remember making this comment, and doubted that he would have said it. (Filing 51-6, at 7.)

[5] "To establish a prima facie case of age discrimination in a failure-to-hire case, like this one, the plaintiff must prove the following: (1) that the plaintiff was in the protected age group (over forty); (2) that the plaintiff was otherwise qualified for the position; (3) that the plaintiff was not hired; and (4) that the employer hired a younger person to fill the position." *Wingate v. Gage County School Dist., No. 34*, 528 F.3d 1074, 1079 n. 3 (8th Cir. 2008). There is no question that the first, third, and fourth elements are satisfied in this case. In moving for summary judgment, Valentine does not argue that Pettigrew was not qualified for the position, but only that he was not the most qualified candidate.

[6] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Nebraska Equal Opportunity Commission was investigating Pettigrew's charge of age discrimination, Dave Renning told the investigator that "Mr. Pettigrew did not interview poorly, but it was not great," and Rick Hesse stated that "Mr. Pettigrew's interview went okay." (Filing 51-6, at 8; filing 53-4, at 23.) When, at different times, arguably inconsistent explanations are given, a jury may infer that the articulated reasons are pretextual. *See Fitzgerald v. Action, Inc.*, 521 F.3d 867, 873 (8th Cir. 2008). The discriminatory statements allegedly made by these two individuals may also be considered by the jury as evidence of pretext. *See Roberts v. Park Nicollet Health Services*, 528 F.3d 1123, 1128 (8th Cir. 2008); *Williams v. Valentec Kisco, Inc.*, 964 F.2d 723, 728 (8th Cir. 1992).

Valentine cites other reasons why Pettigrew was not considered the best candidate, including a lack of references, negative comments received from former coworkers and administrators, and his employment history, but there is no need for extensive analysis. In the interest of resolving this matter expeditiously, suffice it so say that there are genuine issues of material fact regarding the pretext question. *See* Civil Justice Delay and Expense Reduction Plan, ¶ 12 (U.S. Dist. Ct., D. Neb., Nov. 1993) ("When motions for summary judgment are considered by a district judge and are denied on the ground that a genuine issue of material fact exists for trial, the court will issue a short opinion so stating, rather than a lengthy opinion canvassing the materials on file in support of or opposition to the motion.").

Finally, regarding the matter of liquidated damages, the test is whether the employer willfully violated the ADEA. *See* 29 U.S.C. § 626(b). "A willful violation occurs if 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Kight v. Auto Zone, Inc.*, 494 F.3d 727, 735 (8th Cir. 2007) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 615 (1993)). "This showing does not require any heightened quantum or quality of evidence beyond that already established as long as all the evidence satisfies the distinct standard for willfulness." *Spencer v. Stuart Hall Co., Inc.*, 173 F.3d 1124, 1129 (8th Cir. 1999). "Generally, an employer who takes an action against an

-4-

employee [or who does not hire an applicant] because of his age will have committed a willful violation if he knows that the ADEA applies to the situation." *Maschka v. Genuine Parts Co.*, 122 F.3d 566, 572 (8th Cir. 1997). On the evidence presented, I can discern no reason why it would be inappropriate in this case to instruct the jury to make a finding as to whether Valentine's conduct was willful.

Accordingly,

IT IS ORDERED that:

1. The parties' joint motion (filing 57) to seal the defendant's brief and evidence filed in support of its motion for summary judgment is granted in part and denied in part, as follows:
   a. The clerk of the court shall seal filings 45, 46-2, 46-3, 46-4, 46-5, and 56-2 in accordance with NECivR 5.0.3(c).
   b. The defendant shall have 10 days from today's date to file redacted copies of the aforesaid documents in accordance with NECivR 5.0.3(a) and (b). Absent compliance with this order, the filings may be unsealed by the court.
   c. In all other respects, the motion is denied.

2. The plaintiff's motion for leave to file a surrebuttal brief (filing 60) is denied.

3. The defendant's motion for summary judgment (filing 44) is denied.

June 11, 2009.    BY THE COURT:

    s/ *Richard G. Kopf*
    United States District Judge